INHABITANTS OF WELLESLEY *vs.* COUNTY COMMISSIONERS
OF NORFOLK.

Suffolk.     March 24, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*County Commissioners.     Judgment.*

A board of county commissioners under R. L. c. 48, § 12, made an order relocating and widening a street in a town for the purpose of granting a location to a certain street railway company. The selectmen of the town granted a location to the railway company imposing a condition that the company should construct a part of the widened highway to the satisfaction of the selectmen. Later the county commissioners made an order, declaring, that, the construction of the highway to the extent provided for by the location granted by the selectmen to the street railway company and the order of the county commissioners having been completed to the satisfaction of those commissioners, the highway to that extent was thereby accepted, and further declaring that certain enumerated portions of the same street constructed by the town independent of the order and without the authority of the commissioners were excepted from the order. *Held,* that the order of the county commissioners accepting the construction was valid, being merely a statement made in accordance with R. L. c. 48, §§ 54, 56, that the work had been completed to their satisfaction as in full compliance with their previous order relocating and widening the street, that the order had no effect upon any rights the town might have under the grant of location to insist on the work being done to the satisfaction of the selectmen, and that the rights of the town against the railway company were in no way affected by the declaration in the order as to the portions of the street excepted from it.

PETITION, filed February 15, 1904, by the town of Wellesley for a writ of certiorari to quash the proceedings of the county commissioners of Norfolk County as to Worcester Street in the town of Wellesley under an order of the respondents dated June 3, 1902, their proceedings in amending that order, their proceedings as to that street under an order dated October 20, 1903, an order of November 3, 1903, relating to the acceptance of Worcester Street as constructed under the order of June 3, 1902, and other matters relating to the same orders.

The case came on to be heard before *Hammond,* J., who, at the request of the parties, reserved it for determination by the full court upon the petition for a writ of certiorari with the amendment thereto and the answers of the respondents to

the petition and the amendment thereto, reserving to the parties all questions as to the materiality and competency of facts alleged in the pleadings, such disposition to be made of the case as justice might require.

Worcester Street was relocated and widened under the order of the respondents of June 3, 1902, "for the purpose of granting a location of the tracks of the Boston and Worcester Street Railway therein."

In the location granted to the Boston and Worcester Street Railway Company by the selectmen of the petitioner there was imposed, among other things, a condition that the street railway company should construct a part of the highway in accordance with certain stipulations therein set forth and to the satisfaction of the selectmen.

The order of the respondents of November 3, 1903, was as follows: "Ordered, that the construction of Worcester Street in the town of Wellesley to the extent provided for in and by the order of location granted by the selectmen of said Wellesley to the Boston and Worcester Street Railway Company, January 17, 1902, and the decree of the county commissioners made and entered June 3, 1902, having been completed to the satisfaction of said commissioners, said Worcester Street to that extent is hereby accepted, it being expressly understood that said commissioners take no action whatever upon or with reference to the remaining portions of said Worcester Street and particularly the following portions thereof, the construction of which was not required by said decree or by said order of location but which have been constructed by said town of Wellesley and its selectmen entirely independent of said decree and said order and without the authority or sanction of said commissioners, to wit:" Here followed an enumeration and descriptions of the portions of Worcester Street excepted from the order.

*V. J. Loring*, (*C. S. Quinn* with him,) for the petitioner.

*C. F. Jenney*, for the respondents.

HAMMOND, J.    In construing the original petition for changes in Worcester Street as brought under R. L. c. 48, § 12, as well as in amending the record of June 3, 1902, by the decree of March 24, 1903, the county commissioners made no error in law. *Bennett* v. *Wellesley, ante,* 308.

The petition upon which was based the decree of October 20, 1903, was brought under R. L. c. 48, § 12, and we do not see that in making the decree the commissioners went beyond their authority under that section.

Although the order of November 3, 1903, speaks of the order of location granted by the selectmen to the street railway company, yet its legal effect is simply a statement made in compliance with the statute, (R. L. c. 48, §§ 54, 56,) that so far as the commissioners are concerned the work has been completed to their satisfaction, and is accepted by them as in full compliance with the decree of June 3, 1902. It has no effect upon whatever rights the town may have under the grant of location to insist upon the work being done to the acceptance of the selectmen. Nor is the recital in the order that certain construction was not required by the decree of June 3, 1902, of any legal effect upon the rights of the town against the street railway company.

The majority of the court see no error in the proceedings. We have considered as waived the objections not argued upon the petitioner's brief in view of their nature.

*Petition dismissed.*